*E-Filed 5/22/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN DOMINIC COLLEY, | No. C 13-0249 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. | |

# INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before July 1, 2013.

# DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that three officers of the San Mateo Vehicle Task Force (Kennan, Ruiz, and Packs) violated his constitutional rights by (1) using excessive force against him; (2) stealing $4400 in cash from his person; (3) making false statements in their police report; and (4) failing to take an inventory of plaintiff's possessions upon arrest. He also alleges that (5) another officer, Schofield, attempted to dissuade a witness from pursuing a claim that witness had against one of the officers.

The complaint does not contain sufficient factual matter to state claims for relief. All claims are DISMISSED. Claim 1 is conclusory and undetailed. Plaintiff must allege specific facts, e.g., what actions which officer took, what means they used, what injuries (if any) he sustained, etc. Claim 1 is DISMISSED with leave to amend. Claim 2 also requires further factual details, such as whether the money was taken pursuant to the arrest or whether the

officers simply pocketed the money for their personal use. Claim 2 is DISMISSED with leave to amend. Claim 3 is also conclusory and undetailed. Plaintiff needs to provide specific information, such as what the statements actually were, what details they contained, etc. Claim 3 is DISMISSED with leave to amend. Claim 4 does not state how the failure to make an inventory of his items violated his constitutional rights. Claim 4 is DISMISSED with leave to amend. Claim 5 is DISMISSED <u>without</u> leave to amend. That claim concerns the rights of another person, and therefore plaintiff's constitutional rights were not implicated.

**Plaintiff shall file an amended complaint on or before July 1, 2013.** The first amended complaint must include the caption and civil case number used in this order (13-0249 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: May 22, 2013

RICHARD SEEBORG
United States District Judge